
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY; TRANSPORTATION INSURANCE COMPANY, <br><br>   Defendants-counter-claimants - Appellants, <br><br> v. <br><br>ENODIS CORPORATION, <br><br>   Plaintiff-counter-defendant - Appellee. | No. 09-55620 <br><br> D.C. No. 2:04-cv-00132-GW-1 <br><br> MEMORANDUM* |
| ENODIS CORPORATION, <br><br>   Plaintiff - Appellant, <br><br> v. <br><br>CONTINENTAL CASUALTY COMPANY; TRANSPORTATION INSURANCE COMPANY, <br><br>   Defendants - Appellees. | No. 09-55677 <br><br> D C. No. 2:04-cv-04357-CAS-PJW |

   *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 4, 2010
Pasadena, California

Before: WALLACE and GRABER, Circuit Judges, and MILLS, Senior District Judge.**

Following a bench trial, Defendants/Counter-Claimants Continental Casualty Company and Transportation Insurance Company (collectively "CNA") appeal from the district court's ruling that they could not recover money damages on their equitable claims for declaratory relief and unjust enrichment. Continental also appeals from the district court's denial of its motion for leave to add a claim for breach of contract to its counter-claim. Plaintiff Enodis Corporation appeals the district court's summary judgment rulings limiting the amount of consequential damages that Enodis could pursue in its breach of contract claims and finding in favor of CNA on Enodis's claim for breach of implied covenant of good faith and

---

** The Honorable Richard Mills, Senior District Judge for the U.S. District Court for Central Illinois, Springfield, sitting by designation.

2

fair dealing. Enodis also appeals from the district court's finding at trial that it was not entitled to attorney's fees for engaging counsel to provide a defense in another action after CNA refused. We have jurisdiction pursuant to 28 U.S.C. § 1291.

I.

We review the denial of a motion for leave to amend a complaint for abuse of discretion. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Leave to amend may be denied if, among other reasons, the amendment would result in undue delay or prejudice the opposing party. *Id*. Continental filed the motion for leave to amend more than two and one-half years after the counter-claim was filed and approximately five months before the trial was then scheduled. We conclude that the district court did not abuse its discretion in denying leave to amend.

CNA's counter-claim sought a declaration that it was entitled to $2.356 million in reimbursement from Enodis and another $746,507.75 in attorney's fees. The district court ruled at trial that CNA was not entitled to any damages on its declaratory relief claims under the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201. The FDJA "confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952). The district court did not err in concluding that granting the relief sought by CNA "would be inconsistent with both the purpose of declaratory relief in general and with the

3

Court's November 19, 2007 order denying CNA leave to add a breach of contract claim."

CNA next alleges that Enodis was unjustly enriched as a result of retaining certain funds owed to CNA. The elements of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000). Under California law, unjust enrichment is an action in quasi-contract and is not cognizable when there is a valid and enforceable contract between the parties. *See Paracor Fin., Inc. v. General Electric Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). The district court determined that, because of the insurance policies, CNA's claim for unjust enrichment could not lie. Although CNA alleges that such a result is "inequitable" and "manifestly unjust" given that it was denied leave to add a breach of contract claim, we conclude that the district court committed no error.

## II.

In its cross-appeal, Enodis alleges that while the district court's summary judgment rulings found its breach of contract claim against CNA for its settlement conduct to be cognizable, the district court limited Enodis's damages to those arising from cases where Enodis was a named defendant in an action alleging defective furnace claims. "An insurer that breaches its duty of reasonable settlement is liable

4

for all the insured's damages proximately caused by the breach, regardless of policy limits." *Hamilton v. Maryland Cas. Co.*, 41 P.3d 128, 133 (Cal. 2002).

Enodis contends that CNA's alleged wrongful settlement conduct consists of (1) its agreement to resolve certain of the claims being asserted against Enodis's subsidiary in the Salah class action with respect to certain furnaces without obtaining releases for claims arising from those furnaces for all of its insureds, including Enodis; and (2) CNA's refusal in light of Enodis's subsidiary's bankruptcy filing to contribute to a channeling injunction fund so that all furnace claims could be fully and finally resolved as against all of its insureds, despite the requests of the bankruptcy trustee, Enodis, and Enodis's other insurers to reconsider its decision to enter into a separate settlement in the Salah class action and to contribute exactly the same funds to a channeling injunction fund.

Without expressing our view on the merits of these allegations, we conclude that Enodis should be permitted to pursue its claims for consequential damages resulting from the method of settling the furnace-related product liability claims, as those claims pertain to attorney's fees, costs, and liability arising out of the KB Home, Amana, Shea, Shappel, and Stefanshyn actions. Based on the record before us, we are unable to conclude that the damages arising from these actions was not proximately caused by CNA's alleged breach of its settlement duty. The district court, however,

5

correctly determined that Enodis was not entitled to damages in the Trane action because its payment to settle that case was voluntary. Additionally, to the extent Enodis seeks damages arising out of the Indiana Avoidance Action, Enodis gives us no reason to disturb the district court's conclusion that these damages were not proximately caused by CNA's alleged wrongful settlement conduct. *See Hamilton*, 41 P.3d at 133.

In its claim for breach of the implied covenant of good faith and fair dealing, Enodis seeks damages resulting from CNA's wrongful payments to fund, among other things, a lawsuit against Enodis. In *Jonathan Neil & Associates, Inc. v. Jones*, 94 P.3d 1055, 1069-71 (Cal. 2004), the California Supreme Court barred recovery in tort for breach of the implied covenant of good faith and fair dealing in cases in which the insurer retroactively bills an insured for an excessive premium. In granting CNA's motion for summary judgment, the district court relied on *Jonathan Neil*. Because Enodis's alleged damages do not result entirely from a billing dispute but from CNA's alleged improper payment of fees charged by Trane's counsel to research and prosecute a legal action by Trane against Enodis, Enodis's claim for breach of the implied covenant of good faith and fair dealing is not foreclosed by *Jonathan Neil*.

At trial, the district court considered whether CNA may be liable for the attorney's fees and expenses incurred by Enodis in defending the Pearce action, a

6

class action suit pertaining to alleged defective furnaces manufactured by Enodis's subsidiary. The court found that Enodis is not entitled to such fees, which totaled $241,658.91, because those fees were voluntary payments and thus barred by the policies' "No Voluntary Payment" provisions. Enodis contends that it had a right to counsel at CNA's expense.

Under California law, when an insurer agrees to defend its insured under a reservation of rights, a conflict exists between the insurer and insured. *See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 208 Cal. Rptr. 494, 498 (Ct. App. 1984). In those instances, the insured has a right to retain independent counsel to be paid for by the insurer, commonly referred to as "*Cumis* counsel." *See Bogard v. Employers Cas. Co.*, 210 Cal. Rptr. 578, 584 (Ct. App. 1985). Because there is no evidence that Enodis retained counsel because of a conflict with CNA, we are unable to conclude that it had a right to counsel in the Pearce action at CNA's expense. Accordingly, the district court committed no error in determining that Enodis was not entitled to such fees.

III.

In summary, we hold the following:

1. We affirm the decision to deny CNA leave to amend its counter-claim.

7

2. We affirm the denial of CNA's counter-claim seeking a declaration of entitlement to attorney's fees.

3. We affirm the denial of CNA's counter-claim for unjust enrichment.

4. We affirm the denial of Enodis's claim for attorney's fees and expenses incurred by defending the Pearce action.

5. We reverse the summary judgment against Enodis's claims for consequential damages resulting from CNA's allegedly wrongful settlement activities, except with respect to costs incurred by Enodis when it defended and settled the Trane action, and to the extent that Enodis seeks damages arising out of the Indiana Avoidance Action. We remand for further proceedings on the merits of those claims.

6. We reverse the summary judgment against Enodis's claim for breach of the implied covenant of good faith and fair dealing. We remand for further proceedings on the merits of that claim.

**AFFIRMED** as to the appeal.

**AFFIRMED** in part; **REVERSED** in part and **REMANDED** as to the cross-appeal.

Plaintiff-Appellant/Counter-Defendant-Appellee awarded costs on appeal.